UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KEVIN RODRIGUES,

    Petitioner,

v.                                     Case No:  2:13-CV-491-FtM-29DNF
                                               Case No. 2:11-CR-98-FTM-29DNF

UNITED STATES OF AMERICA,

    Respondent.

_____

**OPINION AND ORDER**

This matter comes before the Court on petitioner's Motion Under 28 U.S.C. Section 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Cv. Doc. #1; Cr. Doc. #162)[1] filed on July 3, 2013.  The government filed a Response In Opposition to Motion (Cv. Doc. #7) on August 28, 2013, to which petitioner filed a Reply (Cv. Doc. #8).  For the reasons set forth below, the motion is denied.

**I.**

On September 28, 2011, a federal grand jury in Fort Myers, Florida returned a one-count Indictment (Cr. Doc. #1) charging Kevin Rodrigues (Rodrigues or petitioner) and co-conspirators with

---

[1]The Court will make references to the dockets in the instant action and in the related criminal case throughout this opinion. The Court will refer to the docket of the civil habeas case as "Cv. Doc.", and will refer to the docket of the underlying criminal case as "Cr. Doc."

knowingly and willfully conspiring with each other to possess with intent to distribute oxycodone pills, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841 (b)(1)(C), and all in violation of 21 U.S.C. Section 846.  On February 8, 2012, the United States filed a Notice of Maximum Penalty, Elements of Offense, and Factual Basis (Cr. Doc. #74), and on February 29, 2012, petitioner entered a plea of guilty to the Indictment without the benefit of a plea agreement. (Cr. Doc. #83.)  On March 1, 2012, the Court accepted the guilty plea and adjudicated defendant guilty of Count One of the Indictment.  (Cr. Doc. #85.)  On July 10, 2012, the Court found petitioner to be a career offender and sentenced him to 151 months imprisonment, to be followed by three years of supervised release. (Cr. Doc. #131.)  Judgment was filed on July 11, 2012. (Cr. Doc. #132.)  Petitioner did not file a direct appeal, but the instant habeas petition was timely filed.

**II.**

Petitioner argues that his attorney provided ineffective assistance of counsel by failing to object to the use of his prior New Hampshire and Rhode Island convictions as predicate offenses to support a career offender enhancement because he is actually innocent of the prior offenses and his pleas were involuntary and unknowing.  Petitioner asserts he was prejudiced by this

ineffective assistance because the sentencing judge relied upon the prior convictions, which increased his Sentencing Guidelines range of imprisonment. For the reasons set forth below, the Court finds petitioner's attorney did not provide ineffective assistance to petitioner, and that no prejudice resulted from the failure to object to the prior convictions on the grounds now asserted by petitioner.

### A. Evidentiary Hearing

A district court shall hold an evidentiary hearing on a habeas petition "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief... " 28 U.S.C. § 2255(b). "[I]f the petitioner alleges facts that, if true, would entitle him to relief, then the district court should order an evidentiary hearing and rule on the merits of his claim." Aron v. United States, 291 F.3d 708, 714-15 (11th Cir. 2002) (internal quotation marks and citation omitted). However, a "district court is not required to hold an evidentiary hearing where the petitioner's allegations are affirmatively contradicted by the record, or the claims are patently frivolous." Id. at 715. See also Gordon v. United States, 518 F.3d 1291, 1301 (11th Cir. 2008). Here, even when the facts are viewed in the light most favorable to petitioner, the record establishes that petitioner received effective assistance of counsel in this case and there

was no trial court error in connection with the armed career criminal determination. Therefore, the Court finds that an evidentiary hearing is not warranted in this case.

### B. Ineffective Assistance of Counsel Principles

"{A}n ineffective-assistance-of-counsel claim may be brought in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal." Massaro v. United States, 538 U.S. 500, 504 (2003). Accordingly, the Court rejects the government's arguments that the ineffective assistance claims are procedurally defaulted and not cognizable in a habeas proceeding. (Cv. Doc. #7, pp. 4-8, 8-9.)

The legal standard for ineffective assistance of counsel claims in a habeas proceeding is well established. To prevail on a claim of ineffective assistance of counsel, a habeas petitioner must demonstrate both that (1) counsel's performance was deficient because it fell below an objective standard of reasonableness, and (2) prejudice resulted because there is a reasonable probability that, but for the deficient performance, the result of the proceeding would have been different. Hinton v. Alabama, 134 S. Ct. 1081, 1087-88 (2014) (citing Strickland v. Washington, 466 U.S. 668, 687, 694 (1984) and Padilla v. Kentucky, 559 U.S. 356, 366 (2010)).

The proper measure of attorney performance is simply

reasonableness under prevailing professional norms considering all the circumstances. Hinton, 134 S. Ct. at 1088 (citations omitted). A court must "judge the reasonableness of counsel's conduct on the facts of the particular case, viewed as of the time of counsel's conduct . . ." Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000) (quoting Strickland, 466 U.S. at 690) (internal quotation marks omitted). This judicial scrutiny is highly deferential, and the Court adheres to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689-90. To be objectively unreasonable, the performance must be such that no competent counsel would have taken the action. Rose v. McNeal, 634 F.3d 1224, 1241 (11th Cir. 2011); Hall v. Thomas, 611 F.3d 1259, 1290 (11th Cir. 2010). Additionally, an attorney is not ineffective for failing to raise or preserve a meritless issue. United States v. Winfield, 960 F.2d 970, 974 (11th Cir. 1992); Ladd v. Jones, 864 F.2d 108, 109-10 (11th Cir. 1989).

To establish prejudice under Strickland, petitioner must show more than that the error had "some conceivable effect on the outcome of the proceeding." Marquard v. Sec'y for the Dep't of Corr., 429 F.3d 1278, 1305 (11th Cir. 2005) (quotation marks omitted). Rather, the petitioner must show that there is a reasonable probability that, but for counsel's unprofessional

errors, the result of the proceeding would have been different. Hinton, 134 S. Ct. at 1087-88. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Hinton, 134 S. Ct. at 1089 (quoting Strickland, 466 U.S. at 694) (internal quotation marks and citations omitted).

### C. Applications of the Principles

Petitioner alleges that the ineffective assistance of his attorney resulted in his erroneous classification as a career offender under § 4B1.1 of the Sentencing Guidelines. Petitioner argues that his attorney should have objected to the use of his prior convictions because he is actually innocent of the predicate offenses, and because the guilty pleas/nolo contendere plea tendered were involuntary and unknowing and "hence unconstitutional". (Cv. Doc. #1, pp. 4-5.)

The Presentence Investigation Report (PSR) reflects that petitioner was convicted of the following state felony offenses: (1) On December 2, 2001, petitioner pled guilty in New Hampshire to possession of marijuana with intent to sell, conspiracy to sell a controlled drug, and possession of cocaine with intent to sell, PSR ¶¶ 53, 58 (2) On November 17, 2005, petitioner pled *nolo contendere* in Rhode Island to the manufacturing of, possession of, and delivery with intent to sell marijuana, PSR ¶¶ 53, 60. The career offender enhancement did not increase Petitioner's offense

level of 32 (PSR ¶¶ 53-54), but did increase his criminal history category from Category V to Category VI.

Although petitioner now asserts he was actually innocent or that the guilty pleas/nolo contendere plea were unknowing and involuntary, petitioner's attorney could not properly object to the use of these convictions at sentencing. It is well-established law that a defendant in a federal sentencing proceeding may not challenge the validity of a prior state criminal conviction used for a career offender enhancement on any ground other than that it was obtained in the absence of counsel in violation of his constitutional right to counsel. Custis v. United States, 511 U.S. 485, 486-89 (1994); United States v. Phillips, 120 F.3d 227, 231 (11th Cir. 1997); United States v. Gilley, 43 F.3d 1440 (11th Cir. 1995). Similarly, a petitioner cannot challenge a prior state conviction in a habeas proceeding on any ground other than a violation of his right to counsel. Daniels v. United States, 532 U.S. 374 (2001).

Based on the existing law, counsel made a reasonable decision to not make futile objections to the use of petitioner's predicate convictions on the bases articulated by petitioner. Had counsel raised the objections at sentencing, the challenges would have been denied. Therefore, petitioner has established neither

deficient performance nor prejudice and he Court finds no basis for relief.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. Petitioner's Motion Under 28 U.S.C. Section 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Cv. Doc. #1; Cr. Doc. #162) is **DENIED.**

2. The Clerk of the Court shall enter judgment accordingly and close the civil file. The Clerk is further directed to place a copy of the civil Judgment in the criminal file.

**IT IS FURTHER ORDERED:**

**A CERTIFICATE OF APPEALABILITY (COA) AND LEAVE TO APPEAL *IN FORMA PAUPERIS* ARE DENIED.** A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1); Harbison v. Bell, 556 U.S. 180, 183 (2009). "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004), or that "the issues presented were adequate to deserve encouragement to proceed further," Miller-El v. Cockrell, 537 U.S.

322, 336 (2003)(citations and internal quotation marks omitted). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE and ORDERED** at Fort Myers, Florida, this __14th__ day of January, 2015.

/s/ John E. Steele
JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

Copies:
Petitioner
Counsel of Record